UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JEREMY RACHAL (#590548)                              CIVIL ACTION

VERSUS                                               NO. 24-402-SDD-SDJ

LOUISIANA DEPARTMENT OF PUBLIC
SAFETY AND CORRECTIONS, ET AL.

### ORDER

The *pro se* plaintiff, an inmate confined at the David Wade Correctional Center, Homer, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against numerous defendants, complaining that his constitutional rights have been violated due to deliberate indifference to his serious medical needs. The Plaintiff has now filed a Motion for Preliminary Injunction and/or Temporary Restraining Order (R. Doc. 3).

The relief sought by the Plaintiff in his Motion is generally co-extensive with the relief sought in his Complaint (follow up treatment for his medical condition and transfer to a prison facility where a neurologist is available onsite). As a general rule, preliminary injunctions and temporary restraining orders are designed to preserve the status quo prior to the court's consideration of a case on its merits, and they are not intended as a substitute for relief on the merits of the case. *See generally Federal Savings & Loan Insurance Corp. v. Dixon*, 835 F.2d 554, 558 (5th Cir.1987); *Shanks v. City of Dallas, Texas*, 752 F.2d 1092, 1096 (5th Cir.1985). Otherwise, the normal procedures of litigation would be circumvented by trying a case on the merits through a motion for injunctive relief. For this reason, the Plaintiff's Motion should be denied, along with the Plaintiff's failure to meet his onerous burden of proof as discussed below.

"A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (internal citations and quotations

omitted). *See* also *Allied Mktg. Grp., Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989) (preliminary injunctive relief "is an extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to all four factors"); *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) ("[t]he decision to grant a request for preliminary injunction is to be treated as the exception rather than the rule"). The decision whether to grant or deny a request for a preliminary injunction is within the sound discretion of the Court. *See Allied Mlttg. Grp., Inc.*, 878 F.2d at 809.

At all times, the burden of persuasion remains with the Plaintiff as to each of the four elements. Specifically, a Plaintiff must establish: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest. See *Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008). If a plaintiff fails to meet his burden regarding any of the necessary elements, the Court need not address the other elements necessary for granting a preliminary injunction. *See Roho, Inc. v. Marquis*, 902 F.2d 356, 261 (5th Cir. 1990) (declining to address the remaining elements necessary to obtain a preliminary injunction after finding that the plaintiff failed to show a substantial likelihood of success on the merits).

The plaintiff's motion, based solely on the allegations of his Complaint, fail to show a substantial likelihood of prevailing on the merits. It is well established that a prison medical provider's failure to follow the recommendations of a specialist or outside provider's treatment suggestions does not, standing alone, demonstrate deliberate indifference. *Stewart v. Murphy,* 174 F.3d 530, 535 (5th Cir. 1999). Also, inmates have no federal constitutional right to be housed in

any particular facility or to be transferred from one prison to another. *Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983); *Montanye v. Haymes*, 427 U.S. 236, 242 (1976).

Additionally, the plaintiff cannot show a threat of irreparable injury as any harm which may come to the plaintiff can be compensated monetarily and, if warranted, redressed by way of a post-judgment injunction. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion (R. Doc. 3) is **DENIED**.

Signed in Baton Rouge, Louisiana, on July 9, 2024.

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**