# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**JEREMY RACHAL (#590548)**                    **CIVIL ACTION**

**VERSUS**                                                    **NO. 24-402-SDD-SDJ**

**LOUISIANA DEPARTMENT OF PUBLIC
SAFETY AND CORRECTIONS, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within **14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on February 10, 2025.

_____

**SCOTT D. JOHNSON
UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**JEREMY RACHAL (#590548)**                                    **CIVIL ACTION**

**VERSUS**                                                                           **NO. 24-402-SDD-SDJ**

**LOUISIANA DEPARTMENT OF PUBLIC
SAFETY AND CORRECTIONS, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* Plaintiff, a person confined at the David Wade Correctional Center, filed this proceeding pursuant to 42 U.S.C. § 1983, complaining that his constitutional rights were violated due to deliberate indifference to his serious medical needs while housed at Louisiana State Penitentiary.

On June 6, 2024, the Magistrate Judge issued an order for the Defendants to be served by the United States Marshal. *See* R. Doc. 5. Summons were issued on the same date by the Clerk of Court, and, per courthouse procedure, the USM mailed Plaintiff a Form 285 packet. *See* R. Doc. 6. This form must be completed for the USM to attempt service of the summons. A review of the record revealed that no defendant has been served, and on November 4, 2024, the Court ordered Plaintiff to show cause why his claims should not be dismissed for failure to serve the defendants. *See* R. Doc. 10.

A Motion to Extend Time for Service (R. Doc. 11) was filed on December 2, 2024. The Motion is dated November 8, 2024, but was not mailed until November 26, 2024. *See* R. Doc. 11, p. 5. Therein Plaintiff asserts that on July 12, 2024, he returned the USM Form 285 packet to this Court, but due to periodic memory loss failed to follow up with the Clerk of Court or the USM about service of the summons.

In support of his assertion, Plaintiff has submitted an Offender's Request for Legal/Indigent Mail form and an Inmate Funds Withdrawal Request form. The Mail form reflects that Plaintiff requested mail to be sent to "Doug Welborn Clerk of Court," "U.S. District Court, Middle District of La.," and "The Pro Bono Project." The form is signed on July 12, 2024. *See* R. Doc. 11-1, p. 3 The Withdrawal form is also dated July 12, 2024, and reflects a request to withdraw $2.07 for legal mail. *See* R. Doc. 11-1, p. 2.

For several reasons, Plaintiff's Motion (R. Doc. 11) fails to show cause why his Complaint should not be dismissed for failure to serve the defendants. First, the USM form 285 packet instructs Plaintiff to return the service documents to the USMS, not the Clerk of this Court. Second, what Plaintiff mailed to this Court around July 12, 2024, was not related to service of the defendants. Rather, it was Plaintiff's Notice of Change of Address (R. Doc. 8).

On July 17, 2024, this Court received correspondence from Plaintiff, dated July 9, 2024, and mailed July 15, 2024, notifying the Court of his change of address. *See* R. Doc. 8. The postage amount for this single sheet of correspondence was $0.69. When multiplied by three, since Plaintiff alleges he sent three mailings on July 12, 2024, the total amount of postage is $2.07. As such, it is more likely that Plaintiff mailed a Notice of Change of Address (a single sheet of correspondence) to Doug Welborn, this Court, and the Pro Bono Project on July 12, 2024, as reflected on the Mail form (R. Doc. 11-1, p. 3). The voluminous number of papers that would have been required for service on 11 defendants would cost more than $0.69 to mail.

Finally, this Court has not received any service documents from Plaintiff. Though they would have been improperly mailed to this Court if sent as Plaintiff alleges, receipt of the same would have been recorded. The records of this Court do not reflect receipt of any such documents.

Nor has the USMS received anything from Plaintiff. As such, it appears, that Plaintiff has not taken any steps to effect service on the defendants.

Pursuant to the requirements of Rule 4(m) of the Federal Rules of Civil Procedure, failure to serve a defendant within 90 days of commencement of an action is cause for dismissal of that defendant from the proceeding. Although a *pro se* plaintiff may rely on service by the U.S. Marshal if requested, he may not remain silent and do nothing to request or effectuate such service. As such, Plaintiff's Motion (R. Doc. 11) should be denied, and Plaintiff's claims should be dismissed.

## RECOMMENDATION

It is recommended that Plaintiff's Motion (R. Doc. 11) be denied. It is further recommended that this action be dismissed, without prejudice, for failure of Plaintiff to serve the defendants as required by Federal Rule of Civil Procedure 4(m).

Signed in Baton Rouge, Louisiana, on February 10, 2025.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**